No. 206.—G. W. C. TREZEVANT, Administrator, v. JUNIUS COURTNEY.

In an action by the creditors to annul a sale made by the sheriff of the debtor's property, on the ground that the purchaser is an interposed person who took the title fraudulently for the purpose of defeating them, the declarations of the debtor before the sale, made out of the presence of the purchaser, which are not shown to be brought home to him before the sale, are not sufficient to establish that he purchased the property for the debtor. Fraud may be proved by parol evidence, but unless the fraudulent declarations of one of the parties is shown to have reached the other party, and to have been the motive for his action, the transaction will not be set aside on the ground of fraud.

APPEAL from the Fourteenth Judicial District Court, parish of Richland. *Ray*, J. *H. W. Drake*, for plaintiff and appellee. *Richardson & McEnery*, for defendant and appellant.

HOWELL, J. This is an action by the administrator of the succession of Eben Miller, deceased, to have declared simulative, fraudulent and of no effect a sheriff's sale made on sixth July, 1867, of a certain tract

of land to defendant, in the suit of W. Oliver *v.* Joel McDonald, on the grounds that the defendant being a person interposed, the real purchaser was the said Miller, who paid the price and who was insolvent at the time of sale and of his death, and used the name of defendant to conceal his property from his creditors. The defendant denies the simulation and fraud, and avers that he bought the property with his own funds for his own benefit. Judgment was rendered in favor of plaintiff, and defendant appealed.

The evidence in the record does not satisfy us of the correctness of this judgment. The principal proof, tending to show that defendant was interposed to cover up the property of the deceased, is in the testimony of two witnesses, J. T. Grubbs and the deputy sheriff who made the sale, and consists of statements which, they say, were made to them by the deceased, out of the presence of the defendant before the sale, to the effect that he wished to purchase the land, but would put the title in the name of the defendant, who is his son-in-law, and resides in another parish, to prevent his wife and other creditors from reaching it. But a knowledge of these statements or such instruction, on the part of the deceased, is not brought home to the defendant, and hence they are not evidence against him. The court did not err in admitting this evidence, as fraud may be proven by parol, and the parties can not be controlled in the order of introducing their evidence; but unless the statements or doings of one of the parties to the alleged fraud are connected with or brought to the knowledge of the other, they can not establish fraud in the latter. 18 An. 848, and authorities there cited. It is true the deputy who made the sale states the fact that some three or four weeks before the sale the deceased deposited in his hands money for the purchase of the land, stating it to be his own money, but he does not say that said money was so used; on the contrary, his official return shows that J. Courtney, the defendant, was the purchaser as the last and highest bidder through his agent for a particular price, a portion of which was "paid cash in hand," and the balance the "said Courtney retained in his hands to satisfy the *pro rata* share of the two notes of equal rank with the one herein mentioned, as shown by the mortgage certificate."

The testimony of the defendant and the correspondence between him and the deceased, sustain the position that the defendant was the real purchaser, with the understanding that the deceased was to occupy the property as a home, put it in repair, improve and cultivate it at his own expense during his lifetime, the rent or use of it to be compensated by the improvements put on it by him.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant quieting him in the possession of and title to the land described in the petition, with costs in both courts.